JUDGE CARTER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LUIS GOMEZ,

                Plaintiff,

        -against-

THE CITY OF NEW YORK,
FRANK MANCUSO and DAVID PEREZ,

                Defendants.
----------------------------------------------------------X

13 CV 1237

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF Case**

RECEIVED FEB 25 2013 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of the claims pleaded

herein.

## VENUE

4.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5.  Plaintiff LUIS GOMEZ is a resident of the City and State of New York.

6.  Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain an Office of the Sheriff which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of an Office of the Sheriff and the employment of Deputy Sheriffs as said risk attaches to the public consumers of the services provided by them.

7.  Defendants MANCUSO and PEREZ are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Office of the Sheriff, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The aforenamed defendants are sued in their

individual capacities.

## STATEMENT OF RELEVANT FACTS

8. On January 24, 2011, plaintiff GOMEZ was in the waiting area of an office of the New York City Department of Finance Parking Violations Bureau located at 3030 Third Avenue, Bronx, New York. Plaintiff GOMEZ was at the office during business hours with his wife, who was making an appearance before an Administrative Law Judge concerning violations which had been issued.

9. As plaintiff GOMEZ and his wife were preparing to leave, a conversation took place between plaintiff and defendants MANCUSO and PEREZ. As depicted on the surveillance video of the waiting area, defendants MANCUSO and PEREZ suddenly attacked plaintiff GOMEZ, taking plaintiff to the ground, causing physical injuries to his head, shoulder, ankle, and wrists.

10. Defendants MANCUSO and PEREZ arrested plaintiff GOMEZ. Plaintiff was transported to a New York City Police Department stationhouse, booked, and later arraigned on charges of Trespass, Disorderly Conduct, and Resisting Arrest. Plaintiff had committed no offense, and had done nothing to justify an arrest or the use of force against him.

11. Defendant PEREZ signed the Criminal Court accusatory instrument; defendant MANCUSO signed a "Supporting Deposition" under penalty of perjury in support of the accusatory instrument.

12. All charges were subsequently dismissed.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE

## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

13. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

14. By their conduct and actions in falsely arresting plaintiff GOMEZ, by using excessive force against him, and by fabricating evidence against him, defendants MANCUSO and PEREZ, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

15. As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury, loss of income, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

### SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

16. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

17. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

18. At all times material to this complaint, defendant THE CITY OF NEW YORK

failed to properly train, screen, supervise, or discipline employees and Deputy Sheriffs, including defendants MANCUSO and PEREZ, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants MANCUSO and PEREZ.

19. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

20. As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury, loss of income, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Pre- and post-judgment costs, interest and attorneys' fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

    Dated:    New York, New York
                  February 22, 2013

_____
MICHAEL L. SPIEGEL, Esq.
11 Park Place, Suite 914
New York, New York 10007
(212) 587-8558

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS GOMEZ,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, FRANK MANCUSO, and DAVID PEREZ,

                                      Defendants.

## COMPLAINT

**MICHAEL L. SPIEGEL, ESQ.**
*Attorney for Plaintiff*
ATTORNEY AT LAW
11 PARK PLACE, SUITE 914
NEW YORK, NEW YORK 10007
(212) 587-8558

Service of a copy of the within _____ is hereby admitted.

Dated:

                                      Attorney(s) for

**PLEASE TAKE NOTICE**

☐ Notice of Entry

that the within is a (certified) true copy of a _____
entered in the office of the clerk of the within court on _____ 19 ____

☐ Notice of Settlement

that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court,
at
on _____ 19 ___ , at ___ M.

Dated:

**MICHAEL L. SPIEGEL, ESQ.**
*Attorney for Plaintiff*
11 PARK PLACE, SUITE 914
NEW YORK, NEW YORK 10007

To:

Attorney(s) for